FILED
2006 Mar-31 AM 10:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| GEORGE STERLING GRIFFIN, SR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 7:02-CV-00704-KOB-RRA |
| ) | |
| NAPHCARE, INC., and DOCTOR LINSKEY, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on February 6, 2006, recommending that the defendants' motion for summary judgment be granted and this cause be dismissed with prejudice.  Plaintiff filed objections on March 20, 2006.

In his objections to the report and recommendation, plaintiff states that although he raised three separate claims in this action, only one claim was addressed. Plaintiff is incorrect. In his complaint, plaintiff's sole claim was that the defendants were denying him proper medical treatment for symptoms and pain related to gout. The court's Order for Special Report (Document # 10 page three) provides:

> Plaintiff is required to notify the court within twenty (20) days after the date of this order whether the court has *misunderstood or misconstrued the claims pled in the complaint*. Plaintiff's notice must describe specifically and in detail *any error in the court's reading and understanding of the claims pled*, setting forth the true nature of the claim or claims plaintiff intended to plead in the complaint. *Plaintiff will not be allowed to amend the complaint to add parties or claims after the date of this order except upon express leave of the court.*

In a document entitled "Restatement of Restatement of Claim - Con't"(Document # 12), plaintiff attempted to amend his complaint to raise two additional claims. Plaintiff was advised in the Order for Special Report that he would not be allowed to amend his complaint to add parties or claims after the date of the Order for Special Report except upon express leave of the court. The court did not grant plaintiff leave to amend his complaint to raise the additional claims. Plaintiff was ordered to notify the court only whether the court had *misunderstood or misconstrued the claims pled in the complaint.* The claims which plaintiff sought to add in his "Restatement of Restatement of Claim - Con't" were not pled in the complaint. The court did not *err in the reading and understanding of the claims pled in the complaint*.

As these additional claims were not pled in the complaint and the court did not grant plaintiff leave to amend his complaint to raise the additional claims, the claims are not before the court and the court will not address them. Plaintiff may raise the claims in a new action if he so desires.

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections filed by the plaintiff, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and his recommendation is ACCEPTED. The court EXPRESSLY FINDS that there are no genuine issues of material fact and that the defendants are entitled to judgment as a matter of law. Accordingly, defendants' motion for summary judgment is due to be GRANTED and this action is due to be DISMISSED WITH PREJUDICE. A Final Judgment will be entered.

DONE this the 31st day of March 2006.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE